UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY EVANS,

              Petitioner,              Case No. 1:12-cv-738

v.                                     Honorable Paul L. Maloney

CARMEN PALMER,

              Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Factual Allegations**

Petitioner Anthony Evans presently is incarcerated with the Michigan Department of Corrections at the Michigan Reformatory. Following a jury trial, he was convicted of possession with intent to deliver between 50 and 450 grams of cocaine, MICH. COMP. LAWS § 333.7401(2)(a)(iii), and possession of marijuana, MICH. COMP. LAWS § 333.7403(2)(d). On January 7, 2009, the Oakland County Circuit Court sentenced him as a fourth felony offender, MICH. COMP. LAWS § 769.12, to a prison term of 15 to 50 years on the cocaine conviction and 133 days on the marijuana conviction.

On September 11, 2007, police officers, acting pursuant to a warrant, conducted a search of the lower level of a multi-family house located at 56 Naomi Street in Pontiac, Michigan. According to the supporting affidavit for the warrant, the house had been under surveillance for a period of months. During the course of the surveillance, officers repeatedly had observed a black man, who was subsequently identified as Petitioner. Petitioner was in the house at the time of the search. During the search, officers found substantial evidence linking Petitioner to the house, including his cell phone and charger, his car keys, and keys to the house. They also found social security documents for Petitioner's children, which listed the house address as their residence. The police found cash on Petitioner's person and found in the home lottery tickets, razor blades, baggies, scales, and two bottles of Manitol, which is a mixing agent for crack cocaine. In addition, police found 69.7 grams of crack cocaine and two bags of marijuana. Petitioner was arrested at the home as the result of the search. Based primarily on the results of the search and the testimony of police officers about the circumstances leading up to and during the search, Petitioner was found guilty of both charged offenses.

Petitioner appealed to both the Michigan Court of Appeals and the Michigan Supreme Court, raising six grounds (all but one of which he presented in a Standard 4 supplemental brief): (1) violation of the Fourth Amendment because the search warrant for his home lacked probable cause; (2) violation of the Fourth and Fourteenth Amendments by police abuse of process in obtaining the warrant; (3) prosecutorial misconduct by selective prosecution; (4) violation of the Fourteenth Amendment by the state courts' refusal to allow him to challenge probable cause for the search; (5) violation of the Sixth and Fourteenth Amendments when Petitioner was denied a fair cross-section of jurors; and (6) violation of the Sixth Amendment through the ineffective assistance of counsel. In an opinion issued May 14, 2009, the court of appeals affirmed the convictions. *See People v. Evans*, No. 283454 (Mich. Ct. App. May 14, 2009), Mich. Ct. App. Electronic Docketing System, http://publicdocs.courts.mi.gov:81/opinions/final/coa/20090514_c283454_43_283454.opn.pdf. The Michigan Supreme Court denied leave to appeal on October 26, 2009.

Petitioner filed a motion for relief from judgment in the Oakland County Circuit Court on April 29, 2010, raising the following grounds: (1) Petitioner's appellate counsel was ineffective for failing to present on direct appeal the issues raised in the motion for relief from judgment; (2) the evidence was insufficient concerning the amount of cocaine; (3) trial counsel was ineffective for failing to investigate, to present a substantial defense, to file motions or to make objections to alleged instances of prosecutorial misconduct; (4) the evidence was insufficient to prove possession and control; (5) the prosecutor improperly introduced defendant's cell phone records, vouched for a witness, misled the jury and relied on a false affidavit; and (6) Petitioner's

sentence was disproportionate.[1] The court denied the motion on October 20, 2010, concluding that Petitioner had failed to demonstrate cause excusing his failure to raise his claims on direct appeal. Petitioner then filed an application for leave to appeal to the Michigan Court of Appeals, raising somewhat different issues: (I) abuse of discretion by the trial court in failing to grant an evidentiary hearing on the lawfulness of the evidence; and (II) abuse of discretion in failing to grant a hearing on Petitioner's motion to recuse the judge, including six subheadings: (1) Petitioner demonstrated good cause for failure to raise his claims on direct appeal; (2) the prosecutor failed to present sufficient legal evidence that Petitioner possessed more than 36.4 grams of cocaine; (3) trial counsel was ineffective in failing or refusing to investigate or prepare a substantial defense or make a variety of motions; (4) the prosecution should not have been allowed to use hearsay evidence to prove he had control of the house and children; (5) prosecutorial misconduct (including four sub-issues); and (6) the trial court denied due process and equal protection when it failed to consider all mitigating evidence at sentencing. The court of appeals denied leave to appeal on August 16, 2011. Petitioner raised the same issues to the Michigan Supreme Court, which denied leave to appeal on March 5, 2012.

Petitioner filed his habeas petition on July 13, 2012, raising three grounds:

I. THERE WAS AN ERRONEOUS MIXING OF SUBSTANCES THAT LED TO THE ERRANT CHARGING OF THE DEFENDANT FOR POSSESSION WITH INTENT TO DELIVER BETWEEN 50 AND 450 GRAMS OF COCAINE VIOLATING THE PETITIONER'S SIXTH AND

---

[1] This Court's summary of the issues raised in Petitioner's motion for relief from judgment is taken from the opinion and order of the Oakland County Circuit Court denying the motion. (Attach. to Pet., docket #1-2, Page ID##110-14.) The Court acknowledges that Petitioner describes the issues somewhat differently in his petition. (*See* Pet. at 3-B, docket #1, Page ID#6.) However, given that Petitioner states that he raised his first habeas ground in his motion for relief from judgment, a fact not apparent from his own recitation of the issues, the Court has relied upon the state court's summary to conclude that Petitioner has in fact raised and exhausted his first habeas ground.

>   FOURTEENTH AMENDMENT RIGHTS TO BE PROPERLY CHARGED AND PROSECUTED.
>
> II.   PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, WHERE COUNSEL STIPULATED TO THE ADMISSION OF LABORATORY RESULTS WHICH EFFECTIVELY WAIVED THE PETITIONER'S RIGHT TO CONFRONTATION WITH RESPECT TO QUESTIONING THE LABORATORY ANALYST.
>
> III.   THE PETITIONER'S CONVICTION IS BASED ON PRINCIPLES CONTRADICTORY TO THOSE EMBODIED WITHIN THE SIXTH AMENDMENT WHERE HE WAS EFFECTIVELY DENIED THE RIGHT TO CONFRONTATION.

### Discussion

Petitioner's first habeas ground, the insufficiency of evidence of the existence of an amount of cocaine greater than 50 grams, was raised for the first time in his motion for relief from judgment. The remaining two grounds were never raised in the state courts.

When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster v. Adams*, 324 F.3d 423, 436-37 (6th Cir. 2003); *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001). In deciding whether a state procedural rule was applied to bar

a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006); *Murray v. Carrier*, 477 U.S. 478, 495 (1986); *Hicks*, 377 F.3d at 551-52. To show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see McCleskey v. Zant*, 499 U.S. 467, 497 (1991). The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *House*, 547 U.S. at 536. A habeas petitioner asserting a claim of actual innocence must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

    A.    Ground I

Petitioner contends that the prosecutor introduced only improper hearsay evidence of the amount of the cocaine, thereby rendering the evidence insufficient to support his conviction of possessing with intent to distribute more than 50 grams of cocaine. The Oakland County Circuit Court rejected his claim because it was barred by Rule 6.508(D)(3) of the Michigan Court Rules.

Under MICH. CT. R. 6.508(D)(3), a defendant may not collaterally attack a conviction based upon claims that could have been raised in a previous appeal unless he can establish "good cause" for failing to raise the grounds on appeal and "actual prejudice," as shown by a "reasonably likely chance of acquittal" or an "irregularity so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand." MICH. CT. R. 6.508(D)(3)(a)-(b). In assessing how "firmly" a state procedural rule has been established, the critical inquiry is whether, viewed from the time of the petitioner's later significant actions or inaction, the petitioner could be deemed to have been apprised of the procedural rule's existence. *Luberda v. Trippett*, 211 F.3d 1004, 1006-07 (6th Cir. 2000). Because MICH. CT. R. 6.508(D) was enacted in 1989 and Petitioner's conviction and appeals took place in 2008 and 2009, MICH. CT. R. 6.508(D) was a "firmly established" procedural rule for purposes of Petitioner's action. *See Amos v. Renico*, 683 F.3d 720, 732 (6th Cir. 2012) (holding that a Michigan court's denial of a motion for relief from judgment under Rule 6.508(D)(3) is both an independent and adequate state ground sufficient for procedural default); *Luberda*, 211 F.3d at 1007; *Rogers v. Howes*, 144 F.3d 990, 994 (6th Cir. 1998).

The Oakland County Circuit Court clearly and unequivocally held that Petitioner's first habeas ground was barred under Rule 6.508(D)(3), because it could have been, but was not, raised on direct appeal.[2] His claim therefore is procedurally defaulted. As a consequence, absent

---

[2] The Court observes that the Oakland County Circuit Court made an alternative finding on Petitioner's claim of ineffective assistance of trial counsel in failing to raise the sufficiency claim, an issue not presented in this habeas petition. In that alternative finding, the court held that the claim of ineffective assistance of trial counsel was barred by Rule 6.508(D)(2) because the issue had been raised on direct appeal and rejected by the court of appeals. The Sixth Circuit has held that a state-court's denial of a motion under MICH. CT. R. 6.508(D)(2), which precludes relief if the claim already was raised and denied in a previous appeal, is a denial on the basis of collateral estoppel, which does not procedurally default the claim for habeas relief. *See Amos*, 683 F.3d at 727 (citing *Skinner v. McLemore*, 425 F. App'x 491, 495 (6th Cir. 2011)). Applying the correct constitutional standard, the court of appeals squarely considered and rejected Petitioner's claim of ineffective assistance of trial counsel. *See People v. Evans*, No. 283454, at 3-4 (Mich. Ct. App. May 14, 2009), Mich. Ct. App. Electronic Docketing System, http://publicdocs.courts.mi.gov:81/opinions/final/coa/ 20090514_c283454_43_283454.opn.pdf. However, because the only issue that was raised in the motion for relief from

a showing of cause and actual prejudice or manifest injustice, Petitioner's sufficiency claim is barred on habeas review.

Petitioner argues that appellate counsel was ineffective in failing to raise the issue on direct appeal. The ineffective assistance of appellate counsel may serve as cause to excuse a failure to raise claims on direct appeal. *See Edwards v. Carpenter*, 529 U.S. 446, 453 (2000); *Buell*, 274 F.3d at 349; *Coleman v. Mitchell*, 244 F.3d 533, 538 (6th Cir. 2001). However, to serve as cause, the claim of ineffective assistance of appellate counsel must itself be properly exhausted and not defaulted. *Id.*

In the instant case, the circuit court concluded that, because Petitioner had already demonstrated his dissatisfaction with his appellate representation by filing a supplemental brief on appeal, he must have been aware of his claim of ineffective assistance of appellate counsel at that time, and he should have raised it in his direct appeal. The circuit court therefore concluded that the claim of ineffective assistance of appellate counsel was itself barred by the state procedural rule under Rule 6.508(D)(3). (*See* 10/20/10 Cir. Ct. Ord., docket #1-2, Page ID##110-14.) Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave to appeal under Rule 6.508(D). Because Petitioner's claim of ineffective assistance of appellate counsel is itself procedurally defaulted, it cannot serve as cause excusing his procedural default.

Despite the state court's clear finding that Petitioner should have raised his ineffective-assistance-of-appellate-counsel claim on direct appeal, such a finding arguably is improper under Rule 6.508(d)(3), because ordinarily direct appeal is not an available remedy for a claim of ineffective assistance of appellate counsel. *See Guilmette*, 624 F.3d at 291. However, even

---

judgment and is presented to this Court on habeas review is the sufficiency-of-the-evidence claim, the state court's alternate finding on the ineffective-assistance-of-trial-counsel claim is not relevant to this decision.

assuming that the claim is not defaulted, Petitioner has not demonstrated that the ineffective assistance of appellate counsel constitutes cause excusing his procedural default of his first habeas ground.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

An appellant has no constitutional right to have every non-frivolous issue raised on appeal. "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)).

To require appellate counsel to raise every possible colorable issue "would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." *Strickland*, 466 U.S. at 688. As the Supreme Court has observed, it is difficult to demonstrate that an appellate attorney has violated the performance prong where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 259, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented "was clearly stronger than issues that counsel did present." *Id.*

Petitioner fails to even argue – much less demonstrate – that his new habeas grounds were clearly stronger than the Fourth Amendment issue raised by counsel on direct appeal. In light of the presumption of reasonableness accorded counsel's decisions under *Strickland*, 466 U.S. at 689, Petitioner's allegations are patently insufficient. As a consequence, Petitioner fails to demonstrate that appellate counsel violated the performance prong of *Strickland* by declining to raise the claims set forth in his motion for relief from judgment.

      B.     Grounds II and III

In Grounds II and III of his habeas petition, Petitioner complains that trial counsel rendered ineffective assistance of counsel when he stipulated to the introduction of the laboratory results rather than insisting that the results be admitted only through the testimony of the scientist who conducted the testing. He also asserts that counsel's failure deprived him of his right to confrontation under the Sixth Amendment. Petitioner acknowledges that he never raised either claim in any state court.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838,

842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. "[A] state may not be considered to have waived the defense of nonexhaustion unless it does so expressly and through counsel." *Rockwell v. Yukins*, 217 F.3d 421, 423-24 (6th Cir. 2000).

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Exhaustion is only a problem, however, if there is a state-court remedy available for petitioner to pursue, thus providing the state courts with an opportunity to cure any constitutional infirmities in the state court conviction. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). If no further state remedy is available to the petitioner, exhaustion does not present a problem, but the claim is procedurally defaulted and

the federal court must determine whether cause and prejudice exists to excuse the failure to present the claim in state court. *Id.*

Under Michigan law effective August 1, 1995, a defendant may file only one motion for relief from judgment. *See* MICH. CT. R. 6.502(G)(1). Petitioner already has filed his one allotted motion. He therefore has no available remedy. At this juncture, the court must consider whether there is cause and prejudice to excuse Petitioner's failure to present the claims in state court. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Rust*, 17 F.3d at 160. As previously discussed, in order to show cause sufficient to excuse a failure to raise claims on direct appeal, Petitioner must point to "some objective factor external to the defense" that prevented him from raising the issue in his first appeal. *Murray*, 477 U.S. at 488; *see also McCleskey*, 499 U.S. at 497.

Petitioner argues that the ineffective assistance of trial counsel in failing to object is sufficient cause to excuse his default. As previously discussed, however, Petitioner's claim of ineffective assistance of trial counsel based on any issue not raised on direct appeal was found by the state court to be both procedurally barred and meritless. In addition, Petitioner's claim of ineffective assistance of appellate counsel was procedurally defaulted and is not raised by Petitioner in his habeas petition as cause excusing his default of the claim of ineffective assistance of trial counsel. Moreover, neither explanation benefits him with respect to issues that he neglected to raise in his motion for relief from judgment – long after both attorneys had completed their work.

Petitioner next argues that the issue should not be considered procedurally defaulted because the Supreme Court did not decide whether the affidavits and findings of forensic analysts are testimonial evidence implicating the Confrontation Clause until June 2009, more than a year after his trial. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 310-11 (2009). A claim may be

sufficiently novel to excuse a default if, at the time of the default, the basis for the legal claim was not yet in existence. *See Cvijetinovic v. Eberlin*, 617 F.3d 833, 837-38 (6th Cir. 2010) (citing *Reed v. Ross*, 468 U.S. 1, 16 (1984), and *Engle v. Isaac*, 456 U.S. 107, 130-33 (1982)). A claim is not novel, however, where other defense attorneys have raised the claim. *Id.* (citing *Wheeler v. United States*, 329 F. App'x 632, 636 (6th Cir. 2009)).

Even if Petitioner could show that the holding in *Melendez-Diaz* was novel, the timing of that decision could not excuse his default. The *Melendez-Diaz* decision was released on June 25, 2009, before Petitioner's conviction was final. In fact, the decision was issued between the Michigan Court of Appeals' affirmance of Petitioner's conviction on May 14, 2009 and Petitioner's filing of his *pro se* application for leave to appeal to the Michigan Supreme Court on July 2, 2009. Petitioner therefore could have raised his claim while his direct appeal was still pending. Even more clearly, Petitioner could have raised the issue in his motion for relief from judgment filed on April 2010, approximately eight months after the *Melendez-Diaz* decision was issued. The issue, therefore, was available as a ground for relief long before Petitioner exhausted all of his available state-court remedies. Petitioner demonstrates no objective factor external to the defense that excuses his failure to exhaust the claim in the state courts. *See Murray*, 477 U.S. at 488. Moreover, a petitioner's pro se status and ignorance of his rights do not constitute cause excusing his procedural default. *See Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004); *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir. 1995).

Because Petitioner cannot show cause excusing his procedural default, his claims are barred from habeas review.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme

Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:   October 26, 2012            /s/ Paul L. Maloney
                                     Paul L. Maloney
                                     Chief United States District Judge